IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL BOUDREAUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-579-GKF-FHM |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is the Motion for Remand of plaintiff Paul Boudreaux ("Boudreaux") [Dkt. # 9]. For the reasons set forth below, the court grants Boudreaux's motion.

**I. Procedural Background**

This dispute arises from allegedly improper withdrawals from Boudreaux's checking account by defendant Bank of America, N.A. ("BANA"). Boudreaux, a Tulsa attorney, claims that BANA wrongfully collected $200 per month for a home equity line of credit ("HELOC") that had been released. He filed suit in Oklahoma state court on March 9, 2016, for breach of contract, negligence, and fraud; his Petition requests "actual damages in excess of $10,000" and punitive damages. [Dkt. #2-3, p. 2]. BANA removed the case to this court on September 6, 2016. Boudreaux now seeks a remand.

**II. Legal Standard**

22 U.S.C. § 1441(a) authorizes removal of any action subject to a district court's original jurisdiction—for instance, where a suit involves citizens of different states and the "amount in controversy" exceeds $75,000. *Treat v. Thermoguard Equip. Inc.*, No. 08-CV-318-GKF-PJC, 2008 WL 4453104, at *1 (N.D. Okla. Sept. 29, 2008). The amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v.*

*Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014). And supporting jurisdictional facts must be proven "by a 'preponderance of the evidence.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

"[W]here a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal to demonstrate that . . . the amount in controversy exceeds the statutory requirement." *McPhail*, 529 F.3d at 955; *accord Treat*, 2008 WL 4453104, at *1. To that end, a defendant may rely on the complaint, "interrogatories obtained in state court," and "affidavits or other evidence submitted in federal court." *McPhail*, 529 F.3d at 955–56. "[A] plaintiff's proposed settlement is [also] relevant evidence of the amount in controversy if" a reasonable appraisal of plaintiff's claim. *Id.* (internal quotation marks omitted).

Once a defendant has shown jurisdictional facts that support federal subject matter jurisdiction, the burden "shifts to the plaintiff seeking remand." *Balog v. Jeff Bryan Transport LTD*, No. CIV-10-505-D, 2010 WL 3075288, at *3 (W.D. Okla. Aug. 5, 2010). "To show a basis for remand, the plaintiff must prove" the amount in controversy is "less than $75,000" as a "legal certainty." *See id.* Nevertheless, all "doubts [must] be resolved against removal." *Wormuth v. State Farm Mut. Auto. Ins. Co.*, No. 06-CV-552-GKF-SAL, 2007 WL 1500113, at *1 (N.D. Okla. May 21, 2007). "[F]ederal courts are courts of limited jurisdiction" and "[r]emoval statutes are to be strictly construed." *See id.*

### III. Analysis

Boudreaux argues that because the value of his suit does not exceed $75,000, the court lacks jurisdiction over his claims.[1] BANA replies that Boudreaux's Petition expressly and implicitly asks the court to determine the validity of a HELOC valued at approximately $80,000. For the reasons set forth below, the court grants the motion for remand.

*First*, BANA argues Boudreaux "demands a declaration . . . that the [$80,000] HELOC is extinguished." [Dkt. #2, p. 2, ¶ 4. Not so. Boudreaux seeks neither declaratory relief nor an order determining the enforceability or value of the HELOC. [Dkt. #2-3, p. 2]; [Dkt. # 9, p. 2, ¶ 4] ("Plaintiff does not seek a declaration of any kind from the Court, concerning a home equity line of credit, for which Bank of America filed a release long ago, or concerning any other matter."). And BANA concedes as much. [Dkt. #2-7, p. 2] ("[Y]our Petition does not appear to assert claims for . . . quiet title or a declaration extinguishing the HELOC[.]"). Instead, Boudreaux requests *damages* for allegedly improper bank withdrawals under state common law. [Dkt. #2-3, p. 2]; [Dkt. # 9, p. 2, ¶ 4]. Accordingly, "[t]he [c]ourt need not"—and will not—"construe [Boudreaux's] pleading as a request for" declaratory relief." *See Hoodye v. Wells Fargo Bank, N.A.*, No. 2:12-CV-402, 2013 WL 672567, at *4 (S.D. Tex. Feb. 25, 2013) (remanding where enforceability of lien was not part of relief requested); *Tatevossian v. Wells Fargo Bank*, No. CV 16-03135-AB (MRWx), 2016 WL 4367235, at *3 (C.D. Cal. Aug. 12, 2016) (remanding where defendant "neglect[ed] to properly identify the relief sought in the complaint" and plaintiff disclaimed intention to pursue declaratory judgment)

*Second*, BANA argues this lawsuit "implicitly requires" a finding that the HELOC is extinguished. [Dkt. #2, p. 4, ¶ 11]. Even if that is the case, such a finding would merely "go to

---

[1] Boudreaux also contends that BANA's notice of removal was untimely. Because the court finds jurisdiction lacking, it need not consider Boudreaux's timeliness claim.

the *merits* of [Boudreaux's] claims and [BANA's] defenses." *Cf. Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (emphasis added). "Amount in controversy," by contrast, refers to the relief requested, not supporting findings of fact. *See* Black's Law Dictionary (10th ed. 2014) (defining "amount in controversy" as "[t]he damages claimed or relief demanded by the injured party in a lawsuit"); 14 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3702.5 (4th ed. 2016). Indeed, "[t]he collateral estoppel effect" of any finding, "even if measureable, cannot be relied upon to augment the value of the right in dispute." *Cate v. Blue Cross & Blue Shield of Ala.*, 434 F.Supp. 1187, 1189 (E.D. Tenn. 1977); *see also Healy v. Ratta*, 292 U.S. 263, 267 (1934) ("[T]he collateral effect of [a] decree, by virtue of stare decisis, upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved, even though their decision turns on the same question of law."); *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892) (collecting cases) ("[W]hen our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment[.]"); *Paycom Payroll, LLC v. Cole*, No. CIV-15-312-D, 2015 WL 4395023, at * (W.D. Okla. July 16, 2015) ("'[W]hatever collateral effects a decree or judgment might have by virtue of stare decisis[ ] [or] collateral estoppel . . . those consequences cannot be taken into account in calculating the amount in controversy.'" (quoting 14 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3702.5)).

In this way, BANA confuses relief requested with factual determinations supporting that relief—the former bears on jurisdiction, the latter on the merits of Boudreaux's claim. *Cf. Bardwell*, 2011 WL 4346328, at *2 (finding existence of valid claim for debt or lien affects

4

merits, not jurisdictional, inquiry). Based on its settlement correspondence, BANA appears to appreciate the difference. [Dkt. #2-7, p. 2] ("[Y]our Petition does not appear to assert claims for . . . quiet title or a declaration extinguishing the HELOC . . . As such, even if you were to prevail in this action, you would not be able to obtain the release of the HELOC[.]"). So, "[w]hile the action may ultimately have the indirect effect of contributing to the elimination of a cloud on [ ] title," the lien "is not the object of this suit." *See Hoodye v. Wells Fargo Bank, N.A.*, 2013 WL 672567, at *4.

The caselaw cited by BANA is not to the contrary. Unlike Boudreaux's claim, *Warner v. CitiMortgage, Inc.*, 533 Fed. App'x 813, 816 (10th Cir. 2013), involved an explicit request for "ownership" of certain property—relief fairly characterized as "'a judgment that CitiMortgage ha[d] no interest, estate, or claim of any kind whatsoever in the [p]roperty.'" *Warner*, 533 Fed. App'x at 816. Put differently, *Warner* plainly involved a request to quiet title. *See id.* No such request is present here. Instead, Boudreaux seeks, at most, a factual determination that the HELOC was released. And again, BANA acknowledges as much. *See* [Dkt. #10, p. 5] (explaining Boudreaux "sought a *factual* determination that the HELOC, a lien in excess of $75,000, was extinguished.") (emphasis added). Properly viewed, then, the "objective" of Boudreaux's suit "is damages," likely measured between $5,000, [Dkt. #2-6, p. 2] (settlement correspondence), and in excess of $10,000, [Dkt. #2-3, p. 3] (petition), which is insufficient to reach the jurisdictional threshold. *Hoodye*, 2013 WL 672567, at 4. Accordingly, remand is proper. *See id.*; *Tatevossian*, 2016 WL 4367235, at *3.

In closing, a word of caution. The court remands this case "with the understanding that [Boudreaux] will continue to adhere to [his] disclaimer of any intent to pursue any relief in excess of the jurisdictional threshold." *See Bogan v. JPMorgan Chase Bank, N.A.*, No. 2:14-cv-

01484-CAS(VBKx), 2014 WL 1315891, at *3 (C.D. Cal. Apr. 2, 2014). "Should this understanding prove incorrect—if, for example, [Boudreaux] seek[s] . . . declaratory relief that would invalidate the entirety" of the HELOC—"it may be[come] necessary for this [c]ourt to revisit the question of its subject matter jurisdiction." *See id.* For now, however, the court finds that BANA cannot establish an amount in controversy in excess of $75,000.

WHEREFORE, Boudreaux's Motion for Remand [Dkt. #9] is granted. His request for fees, costs, and sanctions is denied.

IT IS SO ORDERED this 28th day of September, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT